UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.

GILDA DE LA CRUZ,

    Plaintiff,

v.

NORDSTROM, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant, NORDSTROM, INC. (hereinafter "NORDSTROM" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Palm Beach Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*

### II. BASIS FOR DIVERSITY JURISDICTION

1.     Plaintiff, GILDA DE LA CRUZ ("Plaintiff"), commenced this civil action in the 15th Judicial Circuit Court in and for Palm Beach County, Florida styled GILDA DE LA CRUZ v. NORDSTROM, INC., CASE NO. 02018CA016327XXXXMB (the "Action"). Attached hereto as part of Exhibit "1" is a copy of said Complaint.

2.     NORDSTROM was served with the Complaint on or about January 8, 2019. Attached hereto as Exhibit "2" is a copy of the Summons and proof of service of the Complaint.

No other defendant exists or has been known to be served before said date or since. Plaintiff's Complaint alleges damages in excess of $500,000.00, resulting in the case stated in the initial pleading being removable. Therefore, the time for removal began to run on January 8, 2019. See Exhibit "1", at paragraph 13.

3. While the Complaint is highly vague and ambiguous, including failing to allege what occurred or any facts supporting why Defendant is being sued, this is an alleged personal injury case in which NORDSTROM is alleged to have been negligent because of an unspecified injury Plaintiff purportedly sustained at an unspecified date while at an unidentified premises located in Palm Beach County, Florida. In short, the Complaint alleges "Plaintiff hired the Defendant to perform a certain facial treatment for Plaintiff," and that "Plaintiff has been damaged in an amount exceeding $500,000."[1] Subsequently, Plaintiff alleges a host of legal conclusions without any supporting factual allegations.

4. Undersigned counsel received a copy of said Complaint on or about January 9, 2019, and advised Plaintiff on or about January 11, 2019 of Defendant's intention to remove this action. Attached hereto as part of Exhibit "3" is Defendant's correspondence to Plaintiff's counsel dated January 11, 2019 providing notice of the intent to remove and the accompanying proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel further prepared the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "3" is the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court. Plaintiff's counsel refused to execute the Joint Stipulation of Alleged Damages.

---

[1] See Complaint, paragraphs 10 and 13.

5. Defendant NORDSTROM seeks removal to the Southern District of Florida, Palm Beach Division, the District in which the action is now pending.

6. This Notice is filed within thirty (30) days of the date that NORDSTROM first received a copy of the Complaint and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

7. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

8. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 15th Judicial Circuit Court in and for Palm Beach County, Florida as required by law.

9. Attached hereto as Exhibit "4" to this Notice as Exhibits are all true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

10. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

11. The Complaint states that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. It also claims, without any supporting factual allegations, that Plaintiff suffered permanent scarring and discoloration of her face.[2] Moreover, the Complaint alleges damages in excess of $500,000.00.

12. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal.

---

[2] Complaint, paragraph 12.

In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.   Plaintiff is a citizen of Florida and the Defendant is a Washington corporation with its principal place of business located at 1617 Sixth Avenue, Seattle, WA 98101. NORDSTROM is therefore a citizen of the State of Washington for purposes of diversity jurisdiction.

14.   Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff whom is a citizen of Florida and Defendant whom is a citizen of Washington. Accordingly, Defendant NORDSTROM respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

Respectfully submitted,


/s/ *William A. Potucek*
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com

William A. Potucek
Fla. Bar No. 100577
Email: wpotucek@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:   (305) 789-9201

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ William A. Potucek<br>
William A. Potucek

## SERVICE LIST

CASE NO.

Kevin P. Mason, Esq.
KPM Law Firm, P.A.
1900 Glades Road, Suite 270
Boca Raton, FL 33431
(561) 544-1012
(561) 544-1014 fax
Fla. Bar. No. 344915
kevin@kpmlawfirm.com; service@kpmlawfirm.com;
and rose@kpmlawfirm.com
*Counsel for Plaintiff*